# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| NATALIE HEJNY, Individually and Next Friend of E.R. a minor child, | § § § | |
| v. | § § | CIVIL ACTION NO. 2-10-cv-50-TJW |
| GRAND SALINE INDEPENDENT SCHOOL DISTRICT, et al. | § § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the defendants' various motions to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). [Dkt. Nos. 10, 12, 13] For the reasons stated below, the Court GRANTS the motions and dismisses Plaintiffs claims.

### I.     Background

Plaintiff Natalie Hejny brings this 42 U.S.C. § 1983 action against defendants Grand Saline Independent School District ("GSISD"), Mark Keahy, Gary Redding, Julie Fisher, and Dena Means for allegedly failing to adopt and implement a suicide prevention program and failing to take steps to prevent minor plaintiff E.R.'s attempted suicide. E.R. was a ninth grade student at Grand Saline High School. Mark Keahy is the superintendent at GSISD, Gary Redding is the principal at Grand Saline High School, Julie Fisher is the school counselor, and Dena Means was E.R.'s English teacher.

In November 2007, E.R. wrote a missive about acts of violence against others and herself. The missive was confiscated by a Grand Saline High School official, who thereafter alerted Principal Redding. Principal Redding became aware of E.R's severe depression and contacted Plaintiff Hejny, E.R.'s mother, advising her to keep E.R. in active counseling.

In December 2008, E.R. entered a residential psychiatric treatment facility for a one-week hospitalization. After her release from the hospital, E.R. continued out-patient treatment until her

injury on February 13, 2009.  Ms. Hejny alleges that Principal Redding was aware of E.R.'s treatment history, including her hospitalization.  Ms. Hejny alleges also that Ms. Means had intimate familiarity with E.R.'s history of depression because of frequent communications between Ms. Hejny and Ms. Means.

Ms. Hejny's complaint explains that on February 12, 2009, E.R. was arrested for shoplifting. Ms. Hejny escorted E.R. to school on February 13, 2009 and told the school secretary about E.R.'s arrest.  Ms. Hejny alleges that she requested to be contacted if "anything happened during the school day."  Complaint at para. 6.  During her English class, E.R. made a suicide threat to her friend, who told Ms. Means, who in turn notified the school counselor, Ms. Fisher.  Ms. Hejny alleges that Ms. Fisher, with full awareness of the suicide threat, sent E.R. back to class with Ms. Means because she was busy meeting with a juvenile detention officer.  Ms. Hejny also contends that Ms. Means released E.R. at the end of class without notifying any other faculty members at the school.  Upon arriving at her next class, according to Ms. Hejny, E.R. requested to be excused to use the restroom.  E.R. thereafter attempted suicide in the restroom, allegedly suffering serious permanent injury.

Ms. Hejny contends that Defendants' "fail[ed] to act in a prudent manner when faced with a serious and life-threatening situation," thereby violating E.R.'s constitutional rights.  Complaint at para. 18.  Specifically, Ms. Hejny alleges that GSISD failed "to develop appropriate crisis management procedures."  *Id*. at para. 20.  Ms. Hejny alleges that Mark Keahy, as superintendant of GSISD, breached his duty to E.R. by failing to train employees not to "consciously disregard[] an emergency situation."  *Id.* at para. 6.  Principal Redding, according to Ms. Hejny, failed "to develop plans and procedures for handling crisis situations."  *Id.* at para. 7.  According to Ms. Hejny, Ms. Fisher failed to design a "responsive services component to

intervene on behalf of any student whose immediate personal concerns or problems put the student[] at risk." *Id.* at para. 8. Ms. Means, likewise, "faile[ed] to implement safety protocols." *Id.* at para. 9.

## II. Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2008). A court cannot require heightened fact pleading, but a complaint must state enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. The complaint is construed in favor of the plaintiff, and all facts pleaded in the complaint are accepted as true. *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986). A motion to dismiss under Rule 12(b)(6) "'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). However, a plaintiff is obligated to provide the grounds of his claim with "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

To state a claim under 42 U.S.C. § 1983, "a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Lauderdale v. Tex. Dept. of Criminal Justice,* 512 F.3d 157, 165 (5th Cir. 2007) (internal quotation marks and citation omitted). A municipality may be only be held liable under § 1983 if it has an official policy or custom that causes a constitutional tort. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Doe v. Dallas Indep. Sch. Dist.,* 153 F.3d 211, 215 (5th Cir. 1998).

The Supreme Court held that "proper analysis requires us to separate two different issues

when a § 1983 claim is asserted against a municipality: (1) whether plaintiff's harm was caused by a constitutional violation, and (2) *if so,* whether the City is responsible for that violation." *Collins v. City of Harker Heights,* 503 U.S. 115, 112 S.Ct. 1061, 1066 (1992). A complaint must show that, "through its *deliberate conduct*, the municipality was the 'moving force' behind the injury alleged." *Bd. of County Comm'rs v. Brown,* 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997) (emphasis supplied). "Where a government official's act causing injury to life, liberty, or property is merely negligent, 'no procedure for compensation is *constitutionally* required.'" *Daniels v. Williams,* 474 U.S. 327,333, 106 S.Ct. 662 (1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 548, 101 S.Ct 1908 (1981)).

### III.   Analysis

The Court assumes, for the purposes of determining whether a constitutional violation occurred, that the defendants' actions caused the alleged serious permanent injury that E.R. suffered. The accused acts of the various defendants are as follows: GSISD failed to follow its own policy to ensure the safety of its students; Mr. Keahy failed to implement a safety program for the school district; Principal Redding failed to maintain a reasonably safe school environment and failed to develop procedures for handling crisis situations; Ms. Fisher failed to implement safety protocols; and Ms. Means failed to implement safety protocols. Complaint at 3–4.

Plaintiff's allegations that defendants failed to protect E.R. from self-inflicted injury do not identify a constitutional violation for which 42 U.S.C. § 1983 permits redress. "As a general matter . . . a State's failure to protect an individual against private violence simply does not constitute a violation of the Due Process Clause." *DeShaney v. Winnebago County*, 489 U.S. 189, 197, 109 S.Ct 998, 1004 (1989). Both the Fifth Circuit and the Supreme Court recognize that exceptions to this general rule may exist where there is a "special relationship" between the State and an individual, such that the State assumes an additional duty of care with respect to that

individual. *Id.*; *McClendon v. City of Columbia*, 305 F.3d 314, 324 (5th Cir. 2002)(en banc). Mandatory attendance at school does not create the type of "special relationship" that *DeShaney* envisioned and that other courts have recognized exist in prisons and other custodial institutions. *See Doe v. Hillsboro Independent School District*, 113 F.3d. 1412, 1415 (5th Cir. 1997) (en banc) (observing that "[t]he restrictions imposed by attendance laws upon students and their parents are not analogous to the restraints of prisons and mental institutions[, because the] custody is intermittent and the student returns home each day"). Therefore, the defendants' mere failure to protect E.R. from herself does not rise to the level of a constitutional violation merely because Texas law obligates her attendance in school.

Other jurisdictions have adopted an additional exception to *DeShaney*, referred to as the "state-created danger" exception, reasoning that if a state creates a danger then the State assumes heightened duty with respect to that danger. *See, e.g., Butera v. District of Columbia*, 235 F.3d 637 (D.C. Cir. 2001); *Kallstrom v. City of Columbus*, 136 F.3d 1055 (6th Cir. 1998); *Freeman v. Ferguson*, 911 F.2d 52 (8th Cir. 1990). The Fifth Circuit has so far declined to adopt such an exception. *Rios v. City of Del Rio, Tex.*, 444 F.3d 417, 422 (5th Cir. 2006) (citing *McClendon*, 305 F.3d at 327). Although Plaintiff urges the Court to adopt the state-created danger exception in this case, is disinclined to do so absent authority from the Court of Appeals.

## IV. Conclusion

Defendants move the Court to dismiss Plaintiff's 42 U.S.C. § 1983 lawsuit for failing to state a claim. Plaintiff alleges mere negligence on the part of state actors. In the absence of an applicable exception to the rule that negligence does not give rise to a constitutional violation, the Court concludes that Plaintiff has not identified a constitutional violation as required to state a claim under 42 U.S.C. § 1983. Defendants' motions are GRANTED and Plaintiff's claims are dismissed.

It is SO ORDERED.

SIGNED this 17th day of June, 2010.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE